Borough Council of the : 
Borough of Gratz, : 
    Appellant : 
 : 
  v. : No. 1049 C.D. 2022 
 : 
G. Morris Solar, LLC : Submitted: September 11, 2023 

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge 
      HONORABLE ANNE E. COVEY, Judge 
      HONORABLE ELLEN CEISLER, Judge 

OPINION NOT REPORTED

MEMORANDUM OPINION 
BY JUDGE CEISLER         FILED: October 13, 2023

  Appellant Borough Council of the Borough of Gratz (Borough Council) appeals from the Court of Common Pleas of Dauphin County's (Common Pleas) August 31, 2022 order, through which Common Pleas ruled in Appellee G. Morris Solar, LLC's (G. Morris Solar) favor regarding an ordinance that had been enacted by the Council (Proposed Ordinance). Specifically, Common Pleas held that the Proposed Ordinance was void *ab initio*, due to Borough Council's failure to comply with the notice-related requirements imposed upon it by the Pennsylvania Municipalities Planning Code (MPC)[1] and the Borough of Gratz's (Gratz Borough) Zoning Ordinance.[2] In addition, Borough Council has filed an "Application for Relief Seeking an Order Remanding the Instant Matter to the Trial Court for Consideration of Additional Evidence/Testimony" (Remand Application) with our Court. It asserts therein that we should return this matter to Common Pleas, so that the lower court may consider evidence that Borough Council asserts will establish

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[2] Gratz Borough Zoning Ordinance, Dauphin County, Pa., *as amended* (2019).

that it did, in fact, satisfy the applicable notice requirements. After thorough consideration, we deny Borough Council's Remand Application and affirm Common Pleas' order.

## I. Background

As cogently explained by Common Pleas in its December 6, 2022 opinion:

> The factual and procedural background in this action is undisputed. G. Morris Solar is the lessee of properties located north of West Market Street and east and west of North Center Street in [Gratz] Borough (the Property) and intended to develop the Property with a Major Solar Energy System, as defined in [Gratz] Borough's Zoning Ordinance. The Property is located predominantly in the Borough's C-1 Conservation District, where Major Solar Energy Systems are permitted by conditional use. Portions of the Property are in the Borough's R-1 Single-Family Residential District in which Major Solar Energy Systems are not . . . permitted. To facilitate the comprehensive development of the Property, G. Morris Solar initially sought to rezone the R-1 District portions of the Property to the C-1 District, and on November 16, 2021, submitted a petition to . . . Borough Council to [] amend the [Borough's] Zoning Map. On January 31, 2022, following a hearing, the proposed rezoning request was denied.
>
> Over the following months, G. Morris Solar explored the feasibility of developing the Property using only the C-1 District portion of the Property, where Major Solar Energy Systems are permitted by conditional use. G. Morris Solar determined such a development was feasible and began preparing the plans and documents necessary to submit a conditional use application.
>
> In late 2021 and early 2022, . . . Borough [Council] commenced the process of drafting an ordinance that would amend the Zoning Ordinance to modify the regulation of Major Solar Energy Systems in [Gratz] Borough by quadrupling the required front yard setback on each lot and doubling the required side yard and rear yard setbacks. In addition, the proposal would designate solar panels as buildings. In the C-1 District, no more than [20%] of a lot may be covered by buildings. The Proposed

2

Ordinance adopted by . . . Borough [Council] was [14] pages long.[1] If adopted, the Proposed Ordinance, would adversely impact G. Morris Solar's development plans.

[1] In March of 2022, . . . Borough Council referred the Proposed Ordinance for review by the Dauphin County Planning Commission. On April 4, 2022, the County Planning Commission issued a written report recommending against adoption of the Proposed Ordinance.

Under the MPC, before voting to enact an amendment to the Borough's Zoning Ordinance, . . . Borough [Council] is required to comply with notice, publication and public hearing requirements as set forth in [Section 609(b)(1) of the MPC,] 53 P.S. § 10609(b)(1). [Section 107(a) of the MPC] addresses this "Public Notice" requirement, as follows:

> . . . notice [must be] published once each week for two successive weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall not be more than 30 days **and the second publication shall not be less than seven days from the date of the hearing**.

53 P.S. § 10107(a) (emphasis added).

On April 21, 2022, . . . Borough [Council] published its first notice in The Citizen Standard, a local newspaper of general circulation but with limited (twice-weekly) publication. The notice advertised a public hearing on the Proposed Ordinance for May 2, 2022, as follows:

PUBLIC NOTICE

> The Gratz Borough Supervisors will hold a public hearing on Monday, May 2, 2022, at 7:00 P.M. at the Gratz Municipal Authority Building, 125 N Center Street, Gratz, PA to consider Amendments to the Gratz Borough Zoning Ordinance to redefine an Electricity Generating Plant and to modify current regulations regarding the operation of Wind Farms and Major Solar Energy Systems. The public hearing will be immediately followed by the regular meeting of the Board of Supervisors at which time

[the Board of Supervisors] intend[s] to consider adopting the Ordinance. Copies of the Amendment are available for inspection at the Gratz Borough Municipal Authority Building during normal business hours.

Donald G. Karpowich, Esquire
Gratz Borough Solicitor
85 Drasher Road
Drums, PA 18222[]

MPC Section 610(a) sets forth the information required for inclusion in the Public Notice, as follows:

Proposed zoning ordinances and amendments shall not be enacted unless notice of the proposed enactment is given in a manner set forth in this section, and shall include the time and place of the meeting at which passage will be considered, a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. **The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage. Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail.**

53 P. S. § 10610(a) (emphasis added).

On April 28, 2022, less than seven . . . days before the Public Hearing on May 2, 2022, . . . Borough [Council] published the Public Notice cited above for a second time in The Citizen Standard.

On April 29, 2022, G. Morris Solar submitted its conditional use application to [Gratz] Borough for the development of the Property with a Major Solar Energy System.

On May 2, 2022, Borough Council held the Public Hearing on the Proposed Ordinance. That same day, . . . Borough

Council voted unanimously to adopt the Proposed Ordinance with an effective date of May 2, 2022.

. . . .

On June 1, 2022, G. Morris Solar filed its land use appeal in [Common Pleas,] arguing that the Proposed Ordinance was void *ab initio* because (1) . . . Borough [Council] had failed to strictly adhere to the MPC Public Notice timing requirements by publishing the second notice just four days prior to the hearing when a minimum of seven days was specified, and (2) [Borough Council had failed] to include in the Public Notice either the entire [14]-page, full text of the Proposed Ordinance or alternatively, "the title and a brief summary, . . . setting forth all the provisions in reasonable detail," as required by the MPC. G. Morris Solar further argued that these MPC violations were also in violation of [Gratz] Borough's own Zoning Ordinance, which requires that any Zoning Ordinance amendments be made in accordance with the MPC. (Borough Zoning Ordinance Section 1009.1)

With regard to the content requirement under MPC Section 610(a), G. Morris Solar noted that because the Public Notice did not include the full text of the Proposed Ordinance, . . . Borough [Council] was required to satisfy that provision and Borough Zoning Ordinance Section 1009.1, by publishing "the title and a brief summary [of the Proposed Ordinance], prepared by the municipal solicitor and setting forth all the provisions in reasonable detail." 53 P.S. § 10610(a). As argued by G. Morris Solar, . . . Borough [Council] failed to set forth all of the provisions of the Proposed Ordinance in reasonable detail, noting that the lengthy amendment proposed significant changes to [Gratz] Borough's regulation of Wind Farms and Major Solar Energy Systems; instead, the Public Notice simply stated that the Proposed Ordinance was designed "to modify current regulations regarding the operation of Wind Farms and Major Solar Energy Systems."

After . . . Borough [Council] filed an answer to the appeal, [Common Pleas] held oral argument on August 31, 2022. At argument, [Borough Council's] attorney admitted that . . . Borough [Council had] failed to strictly comply with the MPC requirement for publication of the second notice not less than seven days from the hearing date.

5

[Reproduced Record (R.R.) at 119a-20a.] He explained that . . . Borough [Council] had requested The Citizen Standard to publish the Public Notice on April 18 and April 25, but that because it only publishes twice per week, the notices were published on April 21 and April 28 instead. [*Id.* at 119a. The attorney] suggested to [Common Pleas] that . . . Borough [Council] was not required to strictly adhere to the MPC's timeliness and content requirements, but that it was only required to be in "substantial compliance" with the MPC, which standard he argued . . . Borough [Council] had met as to both the timing of the second notice and as to the content of the Public Notice.

Common Pleas Op., 12/6/22, at 1-4.

At the close of the hearing, Common Pleas found that the Proposed Ordinance was void *ab initio*, due to Borough Council's failure to strictly comply with the notice-related requirements imposed upon it by the MPC and Gratz Borough's Zoning Ordinance, as well as because the published Public Notice did not adequately summarize the substance of the Proposed Ordinance. R.R. at 124a-25a. Common Pleas then memorialized this ruling through an order issued that same day. Borough Council's appeal to our Court then followed shortly thereafter.

## II. Discussion

Borough Council presents two arguments on appeal,[3] which we summarize as follows. First, Borough Council asserts that it discovered evidence after it filed this appeal that purportedly establishes that the Public Notice was published on or before

---

[3] Since Common Pleas considered no additional evidence, our standard of review is limited to determining whether Borough Council abused its discretion, committed an error of law, or violated G. Morris Solar's constitutional rights. 2 Pa. C.S. § 754(b). "An abuse of discretion will be found only if [a local agency's] findings are not supported by substantial evidence, that is, such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Zoning Hearing Bd. of Sadsbury Twp. v. Bd. of Supervisors of Sadsbury Twp.*, 804 A.2d 1274, 1278 (Pa. Cmwlth. 2002). With regard to questions of law, our review is *de novo* in standard and plenary in scope. *Upper Southampton Twp. v. Upper Southampton Twp. Zoning Hearing Bd.*, 934 A.2d 1162, 1167 (Pa. 2007).

April 26, 2022. Borough Council's Br. at 10-12. Borough Council expands upon this argument in its related Remand Application, claiming therein that it has learned that newsstands receive new issues of The Citizen Standard each week on Tuesday, as well as that those new issues are delivered to home subscribers' mailboxes each week no later than Thursday. *See* Remand Appl. at 3-5.[4] Accordingly, Borough Council requests that we remand this matter to Common Pleas, so that the lower court can consider this additional evidence and revisit the question of whether the timing of the Public Notice's publication was legally sufficient. Borough Council's Br. at 12; Remand Appl. at 4-5. Second, Borough Council maintains that Common Pleas abused its discretion when it determined that the Public Notice did not adequately recapitulate the Proposed Ordinance, because, in Borough Council's view, the Public Notice's summary was reasonably detailed and informed readers as to where they could locate the Proposed Ordinance's full text. Borough Council's Br. at 12-14.

We need only address Borough Council's first argument to resolve this appeal. By law, "[a]n ordinance shall be presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure." 42 Pa. C.S. § 5571.1(d)(1). Where, as here, a party challenges an ordinance within 30 days of its enactment, and does so on the basis that the enacting municipality allegedly did not comply with the applicable statutory procedural requirements, it is the challenger's burden to prove that the municipality did not strictly comply with those requirements. *Id.* § 5571.1(e)(1). Only in the event that the challenger satisfies this

---

[4] Borough Council claims in its brief that it believes the Public Notice "was actually published on (or before) Tuesday April 25, 2022." Borough Council's Br. at 12. However, this date is undoubtedly a typo, as April 25, 2022, was a Monday, and Borough Council states in its Remand Application that "[s]ince the filing of the appeal[, it] has been attempting to retrieve evidence to show that the advertisement was actually published [in The Public Citizen] as early as April 26, 2022." Remand Appl. at 3.

burden may a court deem the challenged ordinance to be void *ab initio*. *Id.* §5571.1(d)(3).

Borough Council does not dispute that the record, as constituted before Common Pleas, shows that it failed to comply with the notice requirements imposed upon it by Section 610(a) of the MPC. *See* Borough Council's Br. at 10, 12; Remand Appl. at 2. Furthermore, its attorney admitted during Common Pleas' August 31, 2022 hearing that Borough Council "did not hit the bullseye in terms of strict compliance" with Section 610(a), in that the Public Notice was not published in The Citizen Standard at least seven days before Borough Council's May 2, 2022 Public Hearing. *See* R.R. at 120a. Borough Council thus effectively concedes that Common Pleas' ruling was factually and legally sound at the time it was issued.

Nevertheless, Borough Council now asserts that remand to Common Pleas is warranted, based upon its belief "that [T]he Citizen Standard is actually 'published' on a date before the date provided on [each issue's] proof of publication." Remand Appl. at 4. We disagree, as Borough's Council's argument is markedly deficient for multiple reasons. First, Borough Council offers scant legal authority to support its request, relying exclusively upon Section 706 of the Judicial Code, which vests our Commonwealth's appellate courts with the ability to "affirm, modify, vacate, set aside or reverse any order brought before it for review," and also permits these courts to "remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances." 42 Pa. C.S. § 706; *see* Remand Appl. at 4. In doing so, Borough Council has simply deposited the entirety of Section 706 into its own section of the Remand Application, and appears to assume that this unadorned statutory language, shorn of any complementary citations to case law or detailed legal analysis, has some sort of talismanic power. *See* Remand App. at 4. Second, Borough Council does not provide

8

an adequately precise explanation for why it could not have secured the publication information at an earlier point in time; instead, it vaguely asserts that this information "was unknown to [Borough Council] at the time of the filing of the appeal and oral argument on the appeal at the [Common Pleas level,]" as well as that it had been seeking it since shortly after G. Morris Solar filed its appeal with Common Pleas. *Id.* Finally, Borough Council's remand request is wholly predicated upon its belief that the Public Notice was published for the second time "as early as April 26, 2022." *See id.* at 5. This date is six days before when Borough Council held its hearing regarding the Proposed Ordinance, *i.e.* May 2, 2022. *See* Common Pleas Op., 12/6/22, at 3. Therefore, even if Borough Council is correct about the actual date of the Public Notice's second publication, it would still be out of compliance with Section 610(a) of the MPC's statutory mandate that the second publication occur no fewer than seven days before the hearing on the Proposed Ordinance. Accordingly, we conclude that that it would not be just to remand this matter to Common Pleas, as doing so is not warranted under the circumstances.

### III. Conclusion

In accordance with the foregoing, we deny Borough Council's Remand Application and affirm Common Pleas' August 31, 2022 order.[5]

_____
ELLEN CEISLER, Judge

---

[5] Due to our disposition of this matter, we need not address Borough Council's remaining argument regarding the sufficiency of the summary provided through the Public Notice.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough Council of the           :
Borough of Gratz,                :
        Appellant        :
                                 :
    v.                           : No. 1049 C.D. 2022
                                 :
G. Morris Solar, LLC             :

# **O R D E R**

AND NOW, this 13th day of October, 2023, it is hereby ORDERED that Appellant Borough Council of the Borough of Gratz's "Application for Relief Seeking an Order Remanding the Instant Matter to the Trial Court for Consideration of Additional Evidence/Testimony" is DENIED. It is FURTHER ORDERED that the Court of Common Pleas of Dauphin County's August 31, 2022 order is AFFIRMED.

_____
ELLEN CEISLER, Judge